UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS,

        Plaintiff,

v.

                                          Case No. 10-13474

STATE FARM INSURANCE CO.,            Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

In this civil action, the Plaintiff, Brian Williams, alleges that the Defendant, State Farm Insurance Company ("State Farm"), denied his personal insurance protection benefits claims without cause or justification in violation of Mich. Comp. Laws § 500.3142. Subsequent to the filing of Williams' complaint on August 31, 2010, State Farm filed an answer, along with its affirmative defenses, on September 24, 2010. Currently before the Court are two motions by State Farm for the entry of partial summary judgments, both of which were filed on November 3, 2010.[1]

---

[1] State Farm failed to seek and obtain authority from this Court prior to filing multiple motions for summary judgment as required by E.D. Mich. LR 7.1(b)(2) ("A party must obtain leave of court to file more than one motion for summary judgment. For example, a challenge to several counts of a complaint generally must be in a single motion."). However, to refuse to consider its second motion would be to exalt form over substance, given that the two motions were filed simultaneously and there is no reason to suspect improper motives by the movant. *Cf. SEC v. Battenberg*, No. 06-14891 (E.D. Mich. Sept. 21, 2009), ECF No. 162 (striking five motions for summary judgment - accompanied by 193 pages of briefs - filed on the same day by the same defendant where the separate filings were "plainly an effort to circumvent the page requirements of [E.D. Mich. LR 7.1(d)(3)] far beyond a mere page extension by filing multiple briefs in support of what is a single summary judgment motion."). Here, State Farm's two briefs together fall well within the limits of LR 7.1(d)(3).

I.

In his complaint, Williams alleges that he has suffered "severe, numerous and permanent injuries and serious impairment of body functions" as a result of automobile accidents on November 7, 2005, and September 23, 2006. (Compl. ¶ 11). He contends that State Farm was obligated - but has wrongfully refused - to pay to him, or on his behalf, certain no-fault benefits for bodily injury and economic losses which he is entitled to receive according to the terms of his automobile no-fault insurance policy with State Farm. He thus seeks "payment of no-fault benefits pursuant to the statutes of the State of Michigan and the insurance contract, as well as medical benefits from the date of [State Farm's] wrongful refusal to pay up until the present time or continued in the future." (Compl. ¶ 27). Moreover, Williams alleges that State Farm committed fraud and/or silent fraud by making a material misrepresentation or an omission upon which he relied when the subject insurance policy was purchased by him.

State Farm has filed two motions, both of which have been referenced hereinabove; namely, (1) a motion seeking the dismissal and the entry of a summary judgment relating to Williams' allegation of fraud, as authorized by Fed. R. Civ. P. 12(b)(6) and 56(c), and (2) a motion seeking a summary judgment and the dismissal of any claim that is based on an alleged loss which occurred more than one year prior to the filing of the complaint, citing to Fed. R. Civ. P. 56 and Mich. Comp. Laws § 500.3145. The Court will address each motion in turn.[2]

II.

---

[2]Based upon its review of this case, the Court is of the opinion that a resolution of State Farm's currently pending motions would not be significantly aided by oral arguments. Thus, it determines that the issues in controversy can be resolved fairly and equitably on the basis of the documents which have been submitted by the parties, and without the aid of any oral arguments by the parties. E.D. Mich. LR 7.1(f)(2).

The purpose of the summary judgment rule, Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Therefore, the entry of a summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing a request for a summary judgment, the Court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

In order for a dispute to be genuine, it must contain evidence upon which a jury could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). Thus, the moving party has the initial obligation of identifying the portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. The nonmoving party must then "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also* Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 256. The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The Court notes that State Farm filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) after having filed an answer, thereby rendering it untimely. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the

pleadings . . . must be used"). The Sixth Circuit Court of Appeals has treated post-answer Rule 12(b)(6) motions as requests for the entry of judgments on the pleadings under Fed. R. Civ. P. 12(c).[3] *See, e.g.*, *Satkowiak v. Bay Cnty. Sheriff's Dep't.*, 47 Fed. Appx. 376, 377 n.1 (6th Cir. 2002). Moreover, Fed. R. Civ. P. 12(h)(2) provides that a contention by the defense that an adversary had failed to state a claim upon which relief can be granted "may be raised . . . by a motion under Rule 12(c)." Thus, the Court will treat this motion to dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

The standard of review for a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(c) is the same as that which should be undertaken when evaluating a motion brought pursuant to Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Thus, a district court must accept the plaintiff's well-pleaded allegations as true and construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to

---

[3]Fed. R. Civ. P. 12(c) states: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Albrecht*, 617 F.3d at 893 (applying these standards to a motion brought under 12(c)). In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### III.

Under the Michigan No-Fault Act, a claimant in an action for recovery of personal protection insurance benefits "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Mich. Comp. Laws § 500.3145(1). However, a common law action for fraud - even one that seeks to recover, *inter alia*, those same no-fault benefits - is not subject to this "one-year-back" rule. *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443 (Mich. 2008). This is because an action for fraud is not an action that is based on the No-Fault Act. Rather, it "is an independent and distinct action for recovery of damages payable under the common law for losses incurred as a result of the insurer's fraudulent conduct." *Id.* at 445. Thus, a showing of fraud does not necessarily defeat the operation of the "one-year-back" rule with respect to a no-fault benefits claim,[4] but rather provides another avenue by which a claimant may seek - as one element of the requested damages - those same benefits. *Id.* at 449

---

[4] The Michigan Supreme Court has intimated, and the Michigan Court of Appeals has clearly stated, that, even in the context of a no-fault claim, a court may exercise its equitable powers to avoid the application of the "one-year-back" rule in cases of fraud, mutual mistake, or other unusual circumstances. *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 591 (Mich. 2005); *Cooper*, 751 N.W.2d at 450.

("[U]nder a no-fault cause of action, the insureds can only recover no-fault benefits, whereas under a fraud cause of action, the insureds may recover damages for any loss sustained as a result of the fraudulent conduct, which may include the equivalent of no-fault benefits, reasonable attorney fees, damages for emotional distress, and even exemplary damages.").

IV.

The Court will first address State Farm's motion for partial summary judgment and dismissal with respect to Williams's allegations of fraud. Under Michigan law, the elements of fraud in the insurance context are as follows: (1) the insurer made a material representation which was false; (2) when the statement was made, the insurer knew that it was false, or made it recklessly without any knowledge of its truth and as a positive assertion; (3) the insurer made the false statement with the intention that it would be acted upon by the insured; (4) the insured acted in reliance upon this false statement and, as a consequence, suffered an injury. *Cooper*, 751 N.W.2d at 451 (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). The absence of even one of these elements is "fatal to a recovery." *Id.* at 448 (citing *Hi-Way Motor Co.*, 247 N.W.2d at 816). Courts are instructed to "exercise special care" in their scrutiny of the sufficiency of a fraud allegation in the context of a no-fault benefits claim because of the "fact that, in the initial stages of litigation, some insureds may attempt to circumvent the application of the one-year-back rule to defeat insurers' motions for summary disposition." *Cooper*, 751 N.W.2d at 451.

Moreover, the Federal Rules of Civil Procedure require a party who alleges fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also* M.C.R. 2.112(B)(1) ("In allegations of fraud or mistake, the circumstances constituting fraud or

6

mistake must be stated with particularity."). The Sixth Circuit Court of Appeals has interpreted Rule 9(b) to require plaintiffs to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) (citation and internal quotation marks omitted); *see also Buntea v. State Farm Mut. Auto. Ins. Co.*, 467 F. Supp. 2d 740, 747 (E.D. Mich. 2006) (applying these factors in automobile insurance benefits context to dismiss, for failure to state a claim, insured's fraud claim).

In Count II of his complaint, Williams alleges that State Farm committed fraud and/or silent fraud as follows:

19. The Defendant made a material misrepresentation or suppressed a material fact when they promised to pay to and on behalf of BRIAN WILLIAMS all allowable expenses consisting of medical expenses, loss of wages and loss of services.

20. The Defendant's material misrepresentation and/or suppression of a material fact was false when it was made.

21. When the Defendant made said material misrepresentation and/or suppressed said material fact, they knew that it was false or made it recklessly without any knowledge of its truth as a positive assertion.

22. The Defendant made said material misrepresentation and/or suppressed said material fact with the intention that the Plaintiff would act upon it by purchasing insurance benefits from the Defendant.

23. The Plaintiff acted upon said material misrepresentation and/or suppression of a material fact when it purchased said insurance from the Defendant.

24. The Plaintiff has suffered damages as a result of his acting in reliance on said material misrepresentation and/or suppression of a material fact.

(Compl. ¶¶ 19-24). Count II is essentially a bare recitation of the elements of a fraud claim. In his complaint, Williams has failed to articulate with any reasonable specificity the alleged misrepresentations by State Farm - or even whether the claimed fraud consisted of something that a State Farm employee did or did not say. (*See* Compl. ¶ 19 ("The Defendant made a material misrepresentation or suppressed a material fact . . . .")). Furthermore, he does not specify when or where the alleged misrepresentation occurred, how or why he relied upon it, why his reliance was reasonable, or what injury he suffered thereby. In short, once the conclusory allegations of the elements of a fraud claim are disregarded, Count II alleges nothing more than that Williams relied on something that State Farm did or did not say when he decided to purchase insurance from it. This is plainly insufficient to satisfy the standards that are applicable to all claims, as articulated in *Twombly* and *Iqbal*, much less the higher standard that is applicable to fraud claims, as articulated by *Yuhasz*, *Buntea*, and Rule 9(b).[5]

In light of the clear insufficiency of Williams's allegations of fraud, the Court must, and does, grant State Farm's motion for partial summary judgment and judgment on the pleadings regarding Count II of Williams's complaint. Thus, Count II is dismissed with prejudice.

V.

The Court now turns to State Farm's motion for partial summary judgment and dismissal of Williams's claims to the extent that he seeks to obtain benefits for those losses that were incurred

---

[5] Williams apparently recognized the deficiency of his pleading, inasmuch as he has requested the Court to delay ruling on State Farm's motions until he can conduct the discovery necessary to provide sufficient factual support to his allegation of fraud. *See* Fed. R. Civ. P. 56(d). The Court had denied his earlier request because of Williams' failure to demonstrate that the desired additional discovery was relevant to - and would enable him to oppose - State Farm's motions.

more than one year prior to the filing of his complaint. Michigan's No-Fault Act limits the recovery of personal protection insurance benefits to those losses that were incurred within one year of the commencement of the civil action. Mich. Comp. Laws. § 500.3145(1) ("[A claimant in an action for recovery of personal protection insurance benefits] "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.").

The Michigan Supreme Court has held that - contrary to its earlier decision in *Lewis v. Detroit Auto. Inter-Ins. Exchange*, 393 N.W.2d 167 (Mich. 1986) - this "one-year-back" rule is not subject to judicial tolling that would toll the limitations period from the date on which the insured submits a claim until the date the insurer denies liability. *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539 (Mich. 2005). The *Devillers* court left open the possibility that a court could still exercise its equitable powers to toll the limitations period in "unusual circumstances, such as fraud or mutual mistake." *Id.* at 556-57. However, in light of the determination by the Court that Williams's claim of fraud must be dismissed, the Court has no occasion to consider the appropriateness, if any, of equitable tolling with respect to his no-fault benefits claim.

With recognition that (1) Michigan law explicitly limits recovery under these circumstances to losses incurred within one year of the filing of the complaint, and (2) there exists no basis for consideration of equitable tolling of the limitations period, the Court must, and does, grant State Farm's motion for the entry of a summary judgment and the dismissal of Williams's claim to the extent that it seeks to obtain the recovery of benefits for those losses incurred prior to August 31, 2009.

## VI.

For the reasons that have been set forth above, the Court (1) grants State Farm's motion for

partial summary judgment and judgment on the pleadings regarding Count II of Williams's complaint and dismisses Count II with prejudice; and (2) grants State Farm's motion for partial summary judgment and the dismissal of Williams's remaining claim to the extent that it seeks the recovery of benefits for losses incurred before August 31, 2009.

IT IS SO ORDERED.

Dated:  February 24, 2011         s/Julian Abele Cook, Jr.
    Detroit, Michigan        JULIAN ABELE COOK, JR.
                                          United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 24, 2011.

                                                                                                    s/ Kay Doaks
                                                                                                    Case Manager