UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS,

        Plaintiff,

v.

                              Case No. 10-13474
STATE FARM INSURANCE CO.,       Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

In this civil action, the Plaintiff, Brian Williams, complains that the Defendant, State Farm Insurance Company ("State Farm"), denied his personal insurance protection benefits claims without any cause or justification, in violation of Mich. Comp. Laws § 500.3142.

Currently before the Court are several motions that arose from the parties' apparent inability or refusal to engage in the discovery process without repeated intervention by the Court.

I.

In this litigation, Williams seeks to recover insurance benefits related to injuries that he contends were sustained by him in two motor vehicle accidents during the months of November in 2005 and September in 2006. The Court has previously granted a partial summary judgment in favor of State Farm regarding (1) Williams' allegations of fraud, and (2) his claims for losses that were allegedly incurred by him more than one year prior to the filing of the complaint.[1] The latter

---

[1] Six days after the deadline for Williams to respond to these motions had passed, he filed a motion in lieu of a response, seeking to obtain a delay in the ruling by the Court on State

1

decision had the practical effect of rejecting Williams' claim to the extent that he had sought to obtain benefits incurred prior to August 31, 2009.

Since the initiation of this lawsuit on August 31, 2010, the parties have filed a flurry of discovery-related motions. The first (filed by State Farm on January 7, 2011) alleged that Williams had failed to respond to its discovery requests that had been served upon him on October 19, 2010. However, this motion was resolved when the parties jointly agreed to the entry of an order that would give Williams an additional twenty-one days (i.e., until February 21, 2011) in which to produce the requested documents.

When Williams failed or neglected to file his responses on or before the agreed upon date, State Farm filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b) on March 3, 2011. On March 27, 2011 - three days after the deadline to respond had passed - Williams filed a response in opposition to State Farm's dispositive motion. After Williams realized that his response had been filed with the Court without a signature, he corrected the omission by filing an amended response on the following day, along with a motion to extend, which was opposed by State Farm. An argument between the parties ensued regarding whether they had reached an agreement whereby State Farm would withdraw its motion to dismiss in return for the production of certain discovery responses. The Court granted Williams' motion to extend, denied State Farm's motion to dismiss, and entered an award of reasonable costs and attorney fees in favor

---

Farm's pending motions. In support of his motion, Williams asserted that he needed this form of relief in order to obtain a sufficient amount of factual support for his allegations of fraud. *See* Fed. R. Civ. P. 56(d). The Court denied his request because of Williams' failure to demonstrate that the desired additional discovery was relevant to - and would enable him to oppose - State Farm's motions. The official record indicates that Williams never filed a response to State Farm's motions.

of State Farm relating to Williams' non-compliance with his discovery obligations.

The bill of costs that was thereafter submitted by State Farm pursuant to this order touched off another round of contentious filings, with (1) Williams disputing the hourly rate and amount of time charged and (2) both parties employing increasingly harsh and inappropriate language to support their respective positions.[2]

State Farm asserts that, during a scheduling conference with the Court on July 18, 2011, Williams (1) produced amended discovery responses which purportedly claim benefits in excess of $214,000 in attendant care going back to 2007, and (2) proffered a letter (dated July 1, 2011) from his physician who opined that his patient's physical condition required a minimum of twelve to sixteen hours a day of attendant care. This production of documents prompted the filing, on July 26, 2011, of the first of the now-pending motions, in which State Farm sought to obtain a dismissal of this lawsuit, as well as the imposition of additional sanctions for alleged discovery violations.

During the pendency of this motion, Williams filed the second of the now-pending motions on October 17, 2011, in the form of a motion to compel discovery. This - not surprisingly - produced another round of discord between the parties. Williams contended that he had served discovery requests on State Farm on July 18, 2011, and had not received any responses. On the other hand, State Farm insists that it did not receive any discovery requests from Williams until

---

[2]This - in combination with prior filings - prompted "[t]he Court [to] take[] this opportunity to note that the sarcastic and biting tone that Williams has chosen to adopt in this and other filings is never acceptable in this or any other forum, and is subject to appropriate sanctions. Moreover and without explicitly saying so, Williams appears to suggest that State Farm is lying to the Court - a serious charge that should not be made lightly and without proper support. The Court reminds all parties - State Farm, too, has, at times, approached the fine line between zealous advocacy and incivility - that they are expected to conduct themselves, in writing or otherwise, civilly and without engaging in personal attacks." (Oct. 18, 2011 Order at 4 n.2, ECF No. 38).

October 4, 2011, and therefore its responses were not due until November 1st and Williams' motion was premature. On November 21st, Williams filed a supplement to his motion to compel discovery, complaining he still had not received any responses from State Farm. This supplement also included the third of the now-pending motions, his motion for the entry of a default judgment against State Farm. This dispositive motion was opposed by State Farm, which argued, in essence, that Williams had already obtained the requested documents as a result of a prior lawsuit between these parties, but that it was nevertheless diligently working to respond to his "duplicative and onerous" discovery request.

On November 1, 2011, State Farm filed the fourth (and last) of the currently-pending motions; namely, a motion to dismiss for Williams' alleged failure to comply with the October 18th order that required him to pay reasonable costs and attorney fees to State Farm. In response, Williams' counsel states that he was out of the office with an illness on Monday, October 31st - the date when the payment was allegedly due[3] - and so was unable to deliver the check that day. The check was delivered to State Farm on the following day - November 1st.

---

[3] Although the payment of the costs and attorney fees was due to be paid on Friday, October 28th, it is possible that Williams may have believed he was entitled to an additional three days pursuant to Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."). Although service of the order was made under Rule 5(b)(2)(E), Rule 6(d) was not implicated because the order of the Court did not direct Williams to act "within a specified time after service" of the order, as required to trigger Rule 6(d). Rather, the order directed him to act within a specified time of the date of the entry of the order. *Cf. Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010) (Rule 6(d) does not apply to a deadline to file a notice of appeal because it must be submitted "within 30 days after the judgment or order appealed from is entered," Fed. R. App. P. 4, and thus, it is the entry - rather than the service - of the judgment or order which begins the clock); *Bond v. U.S. Mfg. Corp.*, No. 09-11699, 2010 WL 4825286 (E.D. Mich. Nov. 22, 2010) (Rule 6(d) does not apply to a motion for reconsideration because relevant rule specifies that it must be filed within fourteen days of entry, rather than service, of the order).

The Court convened a second scheduling conference on November 28th, during which it once again expressed its displeasure with the manner in which the parties had conducted this case. Both parties expressed a willingness to resolve the disputes underlying these motions without any further intervention by the Court, and the Court was led to anticipate receipt of a stipulated order that would withdraw some or all of their motions. Perhaps unsurprisingly, the parties subsequently advised the Court that no resolution had been reached and all of their motions would require determination by the Court. It is quite apparent to the Court that its admonishments to the parties regarding their conduct during this litigation have gone unheeded, and the parties' refusal or inability to cooperate in the discovery process continues unabated. The Court thus turns to the pending motions, which it will address seriatim.

II.

A.  State Farm's Motion to Dismiss (ECF 32)

State Farm's first motion requests a dismissal of this case, in addition to the imposition of additional sanctions against Williams, relying upon Fed. R. Civ. P. 37(b)(2)(A) and 41(b). As noted above, State Farm alleges that Williams produced amended discovery responses[4] that claim benefits for attendant care going back to 2007, notwithstanding the prior dismissal of his claims prior to August 31, 2009. State Farm argues that this request for benefits by Williams was made in direct disobedience to an order from the Court. According to Williams, the amended responses plainly

---

[4]State Farm also alleges that Williams did not submit *any* discovery responses subsequent to the entry of the partial summary judgments in February 2011; however, this statement is plainly incorrect. In a March 29th filing with this Court, State Farm details at length the perceived substantive inadequacy of the discovery responses that Williams provided on March 26th. Having previously complained about the quality and sufficiency of Williams' discovery responses, State Farm cannot now be heard to claim that Williams did not provide any discovery responses.

show that, although he provided State Farm with documentation of his attendant care since 2007, he has only sought to obtain attendant care expenses that were incurred after August of 2009. State Farm has neither disputed this claim nor has it made the document which contained the purportedly improper request available to the Court. On the basis of this record, the Court cannot conclude that any violation occurred.

State Farm argues that the fact that Williams produced a letter from his physician that was dated July 1, 2011, necessarily means that he did not have any basis for his claims until that date. It also appears to assert that the presentation of this letter was the first time that he had submitted a claim for benefits - an assertion that has been denied by him. Contrary to State Farm's contention, it does not necessarily follow from the production of this letter that there was no prior claim.[5] This position by State Farm does not seem to be supported by either the evidence or common sense. If Williams had never submitted a claim, then State Farm presumably would have realized that long before the production of this letter and the parties would not be engaging in protracted litigation over whether it had rightfully or wrongfully denied his claim. In any event, State Farm has not proven that there was no claim filed, which would be required under its theory of dismissal.

The same analysis applies to State Farm's similar argument which is based on Mich. Comp. Laws § 500.3142 ("Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained."). State

---

[5]State Farm also alleges that Williams did not submit *any* discovery responses subsequent to the entry of the partial summary judgments in February 2011; however, this statement is plainly incorrect. In a March 29th filing with this Court, State Farm details at length the perceived substantive inadequacy of the discovery responses that Williams provided on March 26th. Having previously complained about the quality and sufficiency of Williams' discovery responses, State Farm cannot now be heard to claim that Williams did not provide any discovery responses.

Farm contends that this letter was the first proof of loss that Williams had submitted, and, as such, no benefits were yet due and owing.[6] Thus, it argues that this lawsuit should be dismissed and refiled only if it fails to pay the requisite amount of benefits within a period of thirty days from the date of its receipt of reasonable proof of the fact and amount of the claimed loss. State Farm has not demonstrated that Williams had not previously provided reasonable proof of his loss. Hence, the entry of a dismissal on this ground would neither be justifiable nor appropriate at this point. Nor do either of these latter two arguments have much or anything to do with any purported discovery violations, which, after all, is the basis upon which State Farm requests relief via this motion.[7]

Because State Farm has not shown that any discovery violation occurred, its request for dismissal and/or other sanctions must be, and is, denied.

B.  <u>Williams' Motions to Compel Discovery and for a Default Judgment (ECF 37 and 46)</u>

Williams' motion to compel discovery, which was brought pursuant to Fed. R. Civ. P. 37(a)(3)(B), alleges that State Farm did not respond to its July 18th request for the production of documents. When Williams inquired about the status of discovery, State Farm stated that - as of October 3rd - it had not received any discovery requests from Williams. Thus, Williams resubmitted his requests on the following day. State Farm resists Williams' motion, stating that it did not receive any discovery requests until October 4th, and therefore its responses were not due

---

[6] It also asserts that the letter does not constitute "reasonable proof."

[7] In fact, the majority of the brief in support of the motion is an exact replica of State Farm's brief in support of its prior motion to compel, and does not address the specific facts that it alleges in this motion. Thus, the text of the brief is based on the claim that Williams has provided no discovery, while the text of the motion is premised on the claim that Williams provided "*inaccurate* discovery responses [that were] in *complete disregard* of this court's previous [o]rders." (Def.'s Mot. for Discovery Violation ¶ 8, ECF No. 32).

7

until November 1 and Williams' motion was premature. When State Farm still had not responded to Williams' discovery requests by November 21st, he filed a supplement to his earlier motion which included a request for the entry of a default judgment.[8] In response, State Farm first argues that Williams already had the documents that he had requested as a result of a prior lawsuit between these parties. The Court is not impressed by this argument in light of the fact that State Farm vigorously objected to Williams' attempt to use this same argument to defend against its motion to dismiss for discovery violations. There, State Farm noted (correctly) that "[o]bviously, [State Farm] is entitled to discovery in *this case*, with respect to *this accident* and *this alleged injury*." (Def.'s Reply in Supp. of Mot. to Dismiss at 4, ECF 24). This is as true of Williams now as it was of State Farm then.

State Farm also states that it is diligently working to respond to his "duplicative and onerous" discovery request. Notwithstanding, Fed. R. Civ. P. 34(b)(2)(A) provides that State Farm had a period of thirty days in which to provide Williams with its objections or responses, if any, to his discovery requests, and it admits that it did not do so.[9] If State Farm needed more time to

---

[8]There appears to be some confusion about the relief that Williams seeks to obtain. Although the motion is entitled "Plaintiff's supplement to motion to compel discovery and motion to enter default judgment," the accompanying brief has been labeled as "Plaintiff's brief in support of motion to dismiss for failure to provide discovery." Throughout both documents, Williams alternatively asks for the dismissal of the case, and, virtually at the same time, asserts that the entry of an order of dismissal would be inappropriate. (*Compare, e.g.*, Pl.'s Supp. Br. at 7 ("Issuing an order dismissing this action in whole . . . is the only way to fully rectify Defendant's wrongdoing."), *and id.* at 8 ("Here, dismissal is an appropriate action[] as the Defendant has had since July 18, 2011 to respond to this request and has continually failed to do so . . . ."), *with id.* at 7 ("Dismissing the action would also not be appropriate as that action would favor the Defendant and not the Plaintiff.")). These contradictions notwithstanding, it seems clear that Williams does not want the Court to dismiss his own lawsuit.

[9]This is true even if the Court accepts its claim to have not received the July requests. However, the Court notes that Williams has included a proof of service of his requests, which

comply with these "onerous" requests, it could have sought to enlarge its time to respond, either by stipulation or court order as provided for in Fed. R. Civ. P. 34(b)(2)(A). It does not explain why it did not do so. Therefore, Williams' motion to compel is granted. To the extent that it has not done so already, State Farm must respond to Williams' discovery requests within fourteen (14) days of the date of this order.[10]

In his supplemental brief, Williams has also petitioned the Court to enter a default judgment in his favor pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi). The sanctions listed in Rule 37(b) are available when a party fails to comply with a court order regarding discovery. Here, where there was no prior court order requiring State Farm to respond to Williams' discovery requests,[11] this provision is not implicated. Thus, Williams' request for the entry of a default judgment is denied.

In the absence of an order from this Court, the available sanction for a failure to comply with discovery obligations is to award the successful movant those reasonable costs and attorney fees incurred in pursuing that compliance. Fed. R. Civ. P. 37(a)(5)(A). This rule specifies that such an award must be granted unless "(i) the movant filed the motion before attempting in good faith

---

indicates that they were mailed to State Farm through the United States Postal Service on July 18, 2011. Williams also alleges that counsel for both parties discussed these requests via the telephone several months before the October follow-up call.

[10]The Court has recently been advised that the parties are pursuing facilitation with the hopes of resolving this matter outside of the Court. Under these circumstances, it may well be that there is no need for the parties to engage in further discovery. Thus, if the parties so agree, the commencement of the fourteen-day period may be stayed for the duration of their facilitation efforts.

[11]Williams appears to be under the impression that the Court denied his October motion to compel and ordered State Farm to respond to his discovery request within twenty-eight days of its receipt of the re-sent discovery request on October 5. It is unclear to the Court where Williams got this impression, as the October motion is still pending and no order disposing of it was issued.

to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Williams states, and the record reflects, that he attempted to obtain the requested discovery through direct communications with State Farm prior to filing his motion. State Farm's failure to timely respond to Williams' requests or file a motion for an extension of time in which to respond was not substantially justified, nor are there any other circumstances that would make such an award unjust. Therefore, the Court directs State Farm to reimburse Williams for his reasonable costs and attorney fees related to the filing of his motion to compel and supplemental motion. State Farm is advised that any further non-compliance may result in the imposition of more severe sanctions, up to and including default judgment. Fed. R. Civ. P. 37(b)(2)(A).

C.     State Farm's Motion to Dismiss (ECF 43)

Finally, the Court turns to State Farm's motion to dismiss for Williams' failure to comply with the October 18th order that required him to pay certain costs and attorney fees to State Farm. State Farm states that, as of October 31st, Williams had failed to comply with this order, but acknowledges that it did receive payment on November 1st.[12] State Farm requests that the Court dismiss Williams' lawsuit in its entirety as a sanction - a form of relief so wholly out of proportion

---

[12]The Court notes that there is no indication in the official record that State Farm complied with the concurrence requirement before filing this motion. *See* E.D. Mich. LR 7.1(a) (movant must seek non-moving party's concurrence prior to filing motion; if concurrence is not obtained, motion must state "(A) there was a conference between attorneys . . . in which the movant explained the nature of the motion . . . and its legal basis and requested but did not obtain concurrence in the relief sought; or (B) despite reasonable efforts specified in the motion . . . , the movant was unable to conduct a conference"). Although this is true of all of the motions presently under consideration, it strikes the Court that this last motion illustrates precisely why this rule exists. If State Farm had sought concurrence, it would have learned that Williams' counsel was out sick and that the check was immediately forthcoming. Presumably, upon so learning, it would have refrained from filing this motion.

to both the supposed wrongdoing committed by Williams and the prejudice incurred by State Farm that the Court can scarcely take it seriously. The request is absurd, and it will be denied.

III.

For the reasons that have been set forth above, the Court (1) denies State Farm's motion for sanctions for discovery violations (ECF 32); (2) grants Williams' motion to compel discovery (ECF 37); (3) denies Williams' motion for the entry of a default judgment (ECF 46); (4) awards reasonable costs and attorney fees that were incurred by Williams in connection with these two motions; and (5) denies State Farm's motion to dismiss (ECF 43).

State Farm is directed to respond to Williams' discovery requests - to the extent it has not done so already, and subject to the previously discussed caveat regarding possible facilitation - within fourteen (14) days of the date of this order. With respect to the award of attorney fees, Williams is directed to submit appropriate documentation to this Court within a period of fourteen (14) days from the date of this order that will detail those reasonable legal fees and costs which are directly attributable to his motion to compel and his supplemental motion. State Farm may submit a response that will challenge the validity, accuracy, and/or reasonableness of the requested costs and fees within fourteen (14) days of Williams' submission to the Court. Finally, Williams is entitled to reply within a period of seven days thereafter.

IT IS SO ORDERED.

Date: March 30, 2012                          s/Julian Abele Cook, Jr.
                                              JULIAN ABELE COOK, JR.
                                              U.S. District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2012.

<u>s/ Kay Doaks</u>
Case Manager
